IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THE ESTATE OF BRIAN JONES,** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **MARYLAND DEPARTMENT OF PUBLIC SAFETY,** *et al.* <br><br> **Defendants.** | Civil No. 1:21-cv-01889-JRR |

### MEMORANDUM OPINION

Plaintiffs Estate of Brian Jones and individuals identified in the operative pleading (Third Amended Complaint at ECF No. 64) as his "surviving heirs" – listed in the caption as Jill Booze, A'Kira Jones, Brian Jones,[1] and Barbara Martin (collectively, the "Individual Plaintiffs;" together with the Estate, "Plaintiffs") – bring this action against Defendants Maryland Department of Public Safety and Correctional Services, Secretary of DPSCPS Stephen Moyer, Warden Casey Campbell, and Warden Denise Gelsinger.

This matter comes before the court on Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint or, in the Alternative, for Summary Judgment.[2] (ECF No. 68; "the Motion.") Plaintiffs filed no response to the Motion; it is, therefore, uncontested. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

---

[1] Plaintiffs name Brian Jones twice in the caption.
[2] Defendants also filed a Motion for Other Relief. (ECF No. 71.) Because the Motion to Dismiss will be granted, the Motion for Other Relief will be denied as moot.

I.  **BACKGROUND**[3]

This action arises out of the death[4] of Brian Jones ("Jones"), a former inmate at the Roxbury Correctional Institution in Hagerstown, Maryland. (ECF No. 64 ¶ 1.) On or about July 29, 2018, Jones complained of difficulty breathing and requested medical help by banging on cell doors and yelling for assistance. (ECF No. 64 ¶¶ 10, 11). Jones' cell mate and other inmates eventually got the attention of the officers. *Id.* ¶ 12. The officers opened the cell and Jones ran out of the cell struggling for air and collapsed. *Id.* There was a delay in transporting Jones to a local facility capable of treating him. *Id.* Ultimately, Jones suffered an asthma attack, requested help, and was ignored for several hours. *Id.* ¶ 14.

Jones sustained a concussion, permanent brain damage, complete paralysis, dependence on catheters and colostomy bags, wasting, muscular atrophy, declination of organ function, and upper respiratory infections and complications. (ECF No. 64 ¶ 15.) These injures are alleged to be the direct and proximate result of Defendants' inaction and indifference to Jones' medical crisis. *Id.* Following the incident, Jones received inadequate care and "ultimately succumbed to his injuries."[5] *Id.* ¶ 17.

On July 28, 2021, Plaintiffs filed the Complaint. (ECF No. 1.) On July 30, 2021, Plaintiffs filed an Amended Complaint and on August 10, 2021, Plaintiffs filed a Second Amended Complaint. (ECF Nos. 2 and 7.) On August 12, 2022, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 42.) On March 13, 2023, the court issued an order noting that "Plaintiffs have failed to comply with rules of court by filing, *seriatim*,

---

[3] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the Third Amended Complaint. (ECF No. 64.)
[4] The Third Amended Complaint refers to "the decedent" as a "resident of the State of Maryland," and makes confusing present tense reference to "continued" harm and injuries. (ECF No. 64 ¶¶ 1-2.) For purposes of this opinion, the court assumes these are errors and that Mr. Brian Jones is not living.
[5] The Third Amended Complaint fails to state the date of Mr. Jones' death.

pleadings and red-lined amended pleadings that are mistitled and without permission of the court or apparent consent of opposing counsel." (ECF No. 55.)  The court ordered that Plaintiffs file an amended pleading by March 20, 2023.  *Id.*  Plaintiffs failed to do so.  Defendants then filed a Motion to Dismiss, or In the Alternative, for Summary Judgment.  (ECF No. 58.)  On April 17, 2023, Plaintiffs filed a Motion to Amend, which the court granted on May 2, 2023.  (ECF Nos. 61 and 63.)

On May 2, 2023, approximately 40 days late – Plaintiffs filed the Third Amended Complaint  (ECF No. 64; hereafter, the "Complaint"), which endeavors to state four counts: Negligence (Count I); Negligence/Hiring, Training, Retention and/or Supervision (Count II); Deliberate Indifference in Violation of the Eighth Amendment through the 14th Amendment (Count III); and Wrongful Death/Survival (Count IV).  The prayer for relief seeks: (1) damages of $10,000,000; (2) attorney's fees, costs, and expenses; and (3) any other relief this court deems just and proper.

On July 5, 2023, Defendants filed the Motion based on Federal Rules of Civil Procedure 12(b), 12(e), 12(f) and 41(b) or, in the alternative, for summary judgment pursuant to Rule 56.[6] *Id.*

## II.     LEGAL STANDARDS

**Federal Rule of Civil Procedure 12(b)(1)**

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016).  Rule 12(b)(1) also "governs motions to dismiss for mootness and for lack of standing, which

---

[6] Because the court will dismiss the Complaint pursuant to Rule 12(b), the court declines to address Defendants' remaining arguments. (ECF No. 68.) Additionally, although Defendants cite specifically to Rule 12(b)(6), Defendants also raise arguments regarding sovereign immunity and standing, which are properly asserted under Rule 12(b)(1). *See* Section II, *infra*.

pertain to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019); *see Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016) ("Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction.").

"The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

Defendants arguments attack Plaintiffs' pleadings (a facial challenge) and do not present a factual challenge to subject matter jurisdiction. (ECF No. 68-1 at 13-17.) Accordingly, Defendants' 12(b)(1)-based challenge will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true per *Trump* and *Kerns*.

**Federal Rule of Civil Procedure 12(d)**

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, 2016 U.S. Dist. LEXIS 130420, at *8 (D. Md., Sept. 22, 2016) (citations omitted). "Typically, all parties must then be given the opportunity to present all material pertinent to the motion, Fed. R. Civ. P. 12(d), but when the moving party captions its motion 'in the alternative' and presents evidence outside the pleadings for the Court's consideration, the parties are deemed to have notice that the Court may treat the motion as one for summary judgment under the parameters of Rule 12(d)." *Id.* at *8-9.

The present case is in its infancy and there has been no discovery. Therefore, the court declines to convert the Motion to one for summary judgment. Accordingly, the court will construe the Motion under Rule 12(b)(6).

**Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Rule 12(b)(6) "test[s] the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him

to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is ". . .not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* at 244 (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979)).

### III.  ANALYSIS

#### A.  Subject Matter Jurisdiction

Defendants argue that Plaintiffs Booze, Jones, and Martin should be dismissed for lack of standing. (ECF No. 68-1 at 17.) Specifically, Defendants argue that Plaintiffs fail to allege that they are the personal representatives or administrators of Jones' estate, or that they directly suffered deprivations of their constitutional rights. (ECF No. 68-1 at 15.) The court agrees.

As an initial matter, "no one may sue on behalf of a 'non-existing client,' such as an estate that has not been created." *Carter v. Lindsay Corp.*, No. DKC 21-0311, 2022 WL 394461, at *3 (D. Md. Feb. 9, 2022) (citing *Brantley v. Fallston Gen. Hosp.*, 333 Md. 507, 511-12 (1994)). "Nor may anyone sue on behalf of an existing estate unless he or she is its personal representative." *Id.* (citing *Rosebrock v. E. Shore Emergency Physicians, LLC*, 221 Md. App. 1, 12 (2015)).

"A survival action may be filed by the personal representative of a decedent on any cause of action, except for slander, on which the decedent might have commenced suit." *Burke v. U.S.*, 605 F. Supp. 981, 988 (D. Md. 1985); *see Gardner v. Greg's Marine Const., Inc.*, No. CIV.A. DKC 13-1768, 2014 WL 198215, at *9 (D. Md. Jan. 14, 2014) (explaining that "a survival action is brought by the personal representative asserting a claim that could have been brought by the decedent, had he survived"). "In a survival action, the personal representative of the victim may sue to recover, for the estate of the victim, damages for the economic and non-economic losses suffered by the victim prior to his or her death—the damages that the victim would have been able

6

to recover had he or she survived." *Willey v. Bd. of Educ.*, 557 F. Supp. 3d 645, 670 (D. Md. 2021); *Mang v. City of Greenbelt*, No. DKC-11-1891, 2012 U.S. Dist. LEXIS 4345, at *22 (D. Md. Jan. 13, 2012) (explaining that "a survival action is merely the mechanism by which an estate brings a claim that the decedent could have asserted had he survived" and not an independent cause of action); MD. CODE ANN., EST. & TRUSTS § 7-401(y) ("[A personal representative] may prosecute, defend, or submit to arbitration actions, claims, or proceedings . . . for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted . . ."). Further, "only an administrator of the estate can bring a survival action." *Munger v. U.S.*, 116 F. Supp. 2d 672, 676 (D. Md. 2000).

In the instant case, it is clear that Plaintiffs seek to bring claims on behalf of Mr. Jones for injuries suffered as a result of Defendants' alleged actions or inactions. Thus, a survival action is the proper vehicle to bring such claims. *See Willey and Munger, supra.* As Defendants note, however, the only proper plaintiff with legal standing to bring a survival action on behalf of decedent Jones is a personal representative of his estate. *See Willey*, 557 F. Supp. 3d at 670, n.16 (noting that a survival action is brought by the decedent's personal representatives (*i.e.*, the estate)). Therefore, the precise issue is whether the Complaint adequately alleges that any Plaintiff is a personal representative of the Estate.

The court finds *Johnson v. Baltimore Police Department* instructive. There, the court analyzed the plaintiff's standing as a personal representative of the estate:

> Essentially, though, Maryland's so-called "survival statute," MD. CODE ANN. EST. & TRUSTS § 7-401(y), authorizes the personal representative of a decedent's estate to commence an action that the decedent could have filed if the decedent had lived. It does not require that the Complaint expressly allege reliance on the survival statute, nor does it require a separate claim or count bringing a "survival action." In fact, this Court agrees with the view expressed by other judges on this Court that a separate "survival" claim is

7

> improper, because the survival statute creates no independent cause of action. *See, e.g., Minor v. Prince George's Cnty., Md.*, Civ. No. PWG-15-983, 2017 WL 633321, at *1 (D. Md. Feb. 15, 2017) ("Maryland's Survival Act, MD. CODE ANN., EST. & TR. § 7-401(y) does not provide a separate and distinct cause of action.") (internal quotations omitted); *Gardner v. Greg's Marine Const., Inc.*, Civ. No. DKC-13-1768, 2014 WL 198215 (D. Md. Jan. 14, 2014) (dismissing a count because "there is no separate cause of action known as a 'survival claim'" and explaining that "a survival action is brought by the personal representative asserting a claim that could have been brought by the decedent, had he survived").
>
> The Fourth Amended Complaint alleges that Johnson is the personal representative of the Cain Estate, and alleges that Cain suffered injury from Defendants' actions, including their violations of her federal and state constitutional rights. *See, e.g.*, ECF 112 ¶¶ 16, 268. Accordingly, viewing the allegations in the light most favorable to Plaintiffs, the Fourth Amended Complaint adequately states plausible claims for relief and establishes Johnson's standing, as personal representative, to assert claims for violation of Cain's constitutional rights on behalf of Cain's estate.

*Johnson v. Baltimore Police Department,* Civil Case No. SAG-18-2375, 2021 WL 1610152, at *5 (D. Md. Apr. 23, 2021).

Here, even in the light most favorable to Plaintiffs, the Complaint fail to allege any facts on which would might reasonably conclude they are personal representatives or administrators of the Estate. Accordingly, Plaintiffs lack standing to bring a survival action on behalf of the Estate against Defendants in Counts I through III. *See AtlantiGas Corp. v. Columbia Gas Transmission Corp.*, 210 F. App'x 244, 247 (4th Cir. 2006) ("A court does not have subject matter jurisdiction over an individual who does not have standing.").

    **B.**    <u>**Supplement Jurisdiction**</u>

Count IV is a wrongful death claim arising under Maryland state law.[7] *See* MD. CODE ANN., CTS. & JUD. PROC. § 3–904(a)(1) (action for wrongful death "shall be for the benefit of the wife, husband, parent, and child of the deceased person"). Pursuant to 28 U.S.C. § 1367(c)(3), "[d]istrict [c]ourts may decline to exercise supplemental jurisdiction over a claim . . . [where] the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Additionally, "[w]hen . . . federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Borzilleri v. Mosby*, 189 F.Supp.3d 551, 563 (D. Md. 2016) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Because the court lacks subject matter jurisdiction over Plaintiffs' asserted claim in Counts I through III (to include Plaintiffs' assertion of a claim for relief under the 8th and 14th Amendments to the United States Constitutional), the court declines to exercise supplement jurisdiction over Plaintiffs' remaining state law claim in Count IV.

---

[7] The court notes that Plaintiffs seek to bring a wrongful death claim and survival action in Count IV. A survival action, however, is not a standalone cause of action. *Mang v. City of Greenbelt*, No. DKC-11-1891, 2012 U.S. Dist. LEXIS 4345, at *22 (D. Md. Jan. 13, 2012) (explaining that "a survival action is merely the mechanism by which an estate brings a claim that the decedent could have asserted had he survived" and not an independent cause of action); In contrast, a wrongful death claim is a separate cause of action. *Gardner v. Greg's Marine Constr., Inc.*, No. DKC 13-1768, 2014 U.S. Dist. LEXIS 4692, at *29-30 (D. Md. Jan. 14, 2014). "The wrongful death statute allows the decedent's beneficiaries or relatives to recover damages for loss of support or other benefits that would have been provided, had the decedent not died as a result of another's" wrongful act as defined by the statute. *Spangler v. McQuitty*, 449 Md. 33, 53 (2016); *see also Eagan v. Calhoun*, 347 Md. 72, 82 (1997) (a wrongful death action allows "a spouse, parent, or child, or a secondary beneficiary who was wholly dependent on the decedent, to recover damages for his or her own loss accruing from the decedent's death."). Because Plaintiffs allege that Plaintiff Booze is the decedent's parent, Plaintiff Booze may properly bring a wrongful death action. *See Willey*, 557 F. Supp. 3d at 670 (noting that "the wrongful death statute confers a right of action to a decedent's beneficiaries, whereas a survival action is brought by a decedent's personal representatives").

## IV. <u>CONCLUSION</u>

For the reasons set forth above, by separate order, the Motion (ECF No. 68) will be granted and the Complaint will be dismissed.

                                                                 /s/
                                          Julie R. Rubin
                                          United States District Judge

February 8, 2024